WILLIAM JAY SCHIEFFELIN, Plaintiff, *v.* GEORGE V. McLAUGHLIN, as Police Commissioner of the City of New York, and Another, Defendants.

Supreme Court, New York County, April 12, 1926.

**Municipal corporations — taxpayer's action to restrain payment of pension to former police commissioner of New York city — General City Law, § 14-b, added by Laws of 1924, chap. 509, can apply only to said commissioner and is special and local legislation — said law not having been passed on emergency message of Governor and two-thirds vote of Legislature violated Home Rule amendment of Constitution (Art. 12, § 2) — said police commissioner is not entitled to pension under Greater New York charter, § 355-a, by act of resigning and immediate reappointment — necessary that he should have been member of police force after said section became effective.**

Section 14-b of the General City Law, added by chapter 509 of the Laws of 1924, providing that a police commissioner who has performed duty in the uniformed police force of any city for a period of twenty years and who has served as police commissioner for a period of three years " and who is now serving as such, may," upon stated conditions, be granted an annual pension equal to one-half of his annual salary as police commissioner is, in effect, a special and local law, since it can apply only to the city of New York and only to the police commissioner in office at the time the act became effective, and, therefore, it is unconstitutional and void as a violation of the Home Rule Amendment of the Constitution (Art. 12, § 2) which prohibits legislation relating to the property, affairs or government of cities which shall be special or local either " in its terms or in its effect " without an emergency message of the Governor and a concurring vote of at least two-thirds of the Legislature, since it is conceded that the act was passed without an emergency message of the Governor.

The police commissioner who was in office at the time the act became effective is not entitled to a pension under section 355-a of the Greater New York charter, which provides that " service as police commissioner * * * by a member of the police force shall be deemed the performance of duty on such force," and that " any member of the police force who shall have performed duty on such force for a period of twenty years, and for at least six months as police commissioner * * * may be * * * placed upon the pension roll of the " department with a pension of a chief inspector, since the commissioner in question was not a member of the police force after the section became effective but had ceased to be a member on his appointment as commissioner, and the mere fact that after it was determined that he was not entitled to a pension, because of that fact, he resigned as police commissioner and after one day was reappointed, does not authorize the granting of a pension under said section, for his resignation did not restore him to membership in the police force and he was not, therefore, a member of the police force after the act became effective and at the time of his reappointment as police commissioner.

MOTION by plaintiff in taxpayer's action to restrain payment of pension to former police commissioner of city of New York.

*Leonard M. Wallstein* [*Leonard M. Wallstein* and *Ralph M. Frink* of counsel], for the plaintiff.

*Watson, Godley, Sheppard & Willguss* [*John Lehman* and *Leon G. Godley* of counsel], for the defendant Enright.

*George P. Nicholson, Corporation Counsel* [*William E. C. Mayer* and *Arthur Sweeney* of counsel], for the defendant McLaughlin.

PROSKAUER, J.  Plaintiff in a taxpayer's action moves to restrain payment to defendant Enright of a pension of $5,000 a year purporting to have been granted pursuant to the provisions of section 14-b of the General City Law (as added by Laws of 1924, chap. 509), providing that " any person, including a police commissioner, who has  *  *  *  or shall have performed duty in the uniformed police force of any city for a period of twenty years and upwards and who has served as police commissioner  *  *  *  for a period of three years, and who is now serving as such, may," upon stated conditions, be " granted an annual pension equal in amount to one-half the salary of police commissioner  *  *  *."

The statute is attacked as repugnant to the so-called Home Rule Amendment of the Constitution (Art. XII, § 2), which prohibits State legislation " relating to the property, affairs or government of cities, which shall be special or local either in its terms or in its effect " without an emergency message of the Governor and a concurring vote of two-thirds of the Legislature.  Concededly there was no emergency message of the Governor.  The crucial question is whether the statute is " special or local either in its terms or in its effect."

Defendants urge that the court must answer this question by an examination of the statute alone and hold the statute general, if it so calls itself.  Authority sustained this proposition prior to the Home Rule Amendment when the question of the generality of a statute arose under the old form of article XII, section 2, providing for veto by the mayor of a special or local bill.  Beginning with *Matter of New York Elevated R. R. Co.* (70 N. Y. 327), the Court of Appeals held the generality of the language of the statute controlling.  (*Matter of Church*, 92 N. Y. 1; *Ferguson* v. *Ross*, 126 id. 459; *People* v. *Dunn*, 157 id. 528; *Kittinger* v. *Buffalo Traction Co.*, 160 id. 377; *Hermitage Co.* v. *Goldfogle*, 204 App. Div. 710; affd., 236 N. Y. 554.)  In *Matter of Henneberger* (155 N. Y. 420) only, by a sharply divided court, it was held that the generality of expression in the statute " should not be decisive of the question of its constitutionality."  The prevailing rule became the object of continual criticism by the advocates of municipal home rule. Accordingly, in the Home Rule Amendment was inserted the simple, clear and unmistakable limitation on the Legislature that a statute could be special or local neither in its terms nor " in its effect."

Whether the Legislature has exceeded the bounds thus set on its authority is for judicial, not legislative, determination.

The beneficiary of this section 14-b of the General City Law is required to be a person who (1) shall have performed duty in the uniformed police force of the city for twenty years or more; (2) who has served as police commissioner or as deputy police commissioner for a period of three years; and (3) " who is now serving as " a police commissioner. Defendant Enright's argument that, since the first two conditions may be met *in futuro*, they should not be deemed to contract this legislation into a special bill is negatived by the third requirement that the beneficiary must be " now serving as " a police commissioner. The language of the act itself is so extreme in narrowing its content, that even if the Home Rule Amendment had not been passed I should hold it sufficiently exceptional to come within the condemnation of *Matter of Henneberger* (155 N. Y. 420). Its very terms proclaim it special and local. But the added duty is imposed on the court by the Home Rule Amendment to judge the statute by its effect, as well as by its terms. Plaintiff's affidavits show that there was in the State of New York at the time this statute was passed no discoverable police commissioner who fulfilled all three requirements other than the defendant Enright. Enright's affidavit lists a number of cities in which there were police commissioners. It makes no showing that any of such commissioners met the other two requirements. It fails to meet the specific allegations in the plaintiff's affidavits, from which the inference is irresistible that this act applies to but one man in one city. Heed must be given to facts of general knowledge amply indicated by affidavit and the judicial eye may not be blind to obvious actualities. The law cannot apply to any individual other than Enright nor to any city other than New York. It is, therefore, local, special and unconstitutional.

The defendants ask, however, that the order at least allow a pension under section 355-a of the Greater New York charter (as added by Laws of 1918, chap. 651), which provides " service as police commissioner * * * by a member of the police force shall be deemed the performance of duty on such force," and that " any member of the police force who shall have performed duty on such force for a period of twenty years, and for at least six months as police commissioner * * * may be * * * placed upon the pension roll of the " department with the pension of a chief inspector.

In *Schieffelin* v. *Enright* (200 App. Div. 312) it was held that Commissioner Enright was not entitled to a pension under this section. It was there laid down that the section could operate

only *in futuro* upon a person who was a member of the uniformed police force subsequent to its passage; that Commissioner Enright had before the passage of the act automatically ceased to be a member of the uniformed police force when he accepted appointment as police commissioner; that the statute gave no pension to a police commissioner as such and that it could apply for the benefit only of a member of the uniformed police force who after its passage became police commissioner. After that decision Commissioner Enright resigned as police commissioner and after one day was reappointed. It is claimed in his behalf that thereby some transformation of the situation was worked which entitles him now to a pension. But resignation as police commissioner did not restore him to membership in the police force. By his resignation and reappointment he became a police commissioner subsequent to the passage of section 355-a, but he was clearly not a member of the police force at the time of such reappointment. There is thus no new circumstance to differentiate the claim here presented from that which was disallowed in the previous litigation.

Motion granted. Settle order on notice.