J. M. JANNETT and J. A. SKIPPER, *Plaintiffs in Error,* v. G. A. WINDHAM, Sheriff of Dade County, Florida, *Defendant in Error.*

147 So. 296.

Opinion filed March 14, 1933.

Re-hearing denied April 12, 1933.

*John M. Murrell*, for Plaintiffs in Error.

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for Defendant in Error.

PER CURIAM.—Petitioners below charged with operating a loan business without procuring a license under the statute, were remanded on habeas corpus and took writ of error.

The plaintiffs in error operate under Chapter 10177, Acts of 1925, Section 3999 *et seq.,* Compiled General Laws, a statute which exempts those in their class who make small short loans, from the usury laws upon obtaining a stated license; and having the benefit of the statute, they cannot challenge the validity of the provision requiring the license to be obtained. Hurley v. Commissioner of Fisheries, 257 U. S. 223, text 225, 42 Sup. Ct. Rep. 83, 66 L. Ed. 206.

If the plaintiffs in error have a right to challenge the validity of the license provision of the statute under which they operate to protect them from the usury laws, the statutory provision requiring a license is not invalid, since the provisions of the statute are based on a just and reasonable classification with reference to the subject regulated, and the exceptions in the statute do not render the Act invalid. If the Act is not a general law, the violation of the regulations

of a special or local law may be made a misdemeanor, and the punishment therefor may be imposed under the general law, Section 7104 (5005), Compiled General Laws, providing for the punishment in cases where the punishment prescribed in a local law is invalid under Section 20, Article III, Constitution, or is otherwise invalid. Stinson v. State, 63 Fla. 42, 58 So. 722. See State ex rel. v. Cahoon, decided at this term.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., and JOHNSON, Circuit Judge, concur.

BUFORD, J., dissents.

BUFORD, J., (Dissenting).—I think Chapter 10177, Acts of 1925, Sections 3999-4017 C. G. L., is invalid because there is no reasonable basis for the classification therein whereby its application is confined to counties having a population of forty thousand or more.

If we look to the Preamble of the Act we find it stated that:

"It is desired to suppress the 'loan shark evil' by authorizing and regulating the conduct of the business of making small loans upon fair and lawful terms, thereby inducing reputable money lenders to obtain State licenses."

If the loan shark evil exists in the State there can be no reasonable ground for legislative Act suppressing that evil in some counties and not in others. It is practically true that all evil practices occur more often in larger populated districts than they occur in smaller populated districts, but there could be no reason to assume that the larger population requires protection from the existence of the evil in larger proportions than do the smaller populated areas require protection from the evil in smaller proportion. If the

evil exists throughout the State, then the remedy to control the same should extend throughout the State.

The Act appears to me to be in conflict with Section 1 of the Declaration of Rights and the Fourteenth Amendment to the Federal Constitution, because it denies to some the privilege that is granted to others. Section 19 of the original Act, 4016 C. G. L., exempts from the provisions of the Act any "person, co-partnership or corporation doing business under any law of this State, or of the United States, relating to banks, trust companies, building and loan associations, licensed pawnbrokers, Morris Plan Companies or companies doing a similar business." All of the institutions excepted from the provisions of the Act are in the money lending business and I have seen no justification for this provision.

The petitioners sought discharge under habeas corpus from custody when they were held upon a charge of engaging in business without first paying the license, which license was only authorized and required under the provisions of this Act. If the Act is invalid, then there is no legal authority to demand of these petitioners a license, though they might be held for violating some other statute. The question of whether or not they have violated some other statute is not before this Court. The only question here is whether or not there is a valid statute requiring them to pay the license demanded. I think there is not and that they should be discharged.

## On Application for Re-Hearing

Per Curiam.—It is not shown by this record that Chapter 10177, Acts of 1925, violates Section 1, Article XIV, of the Constitution of the United States, by denying to any person the equal protection of the laws.

Re-hearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.