THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS BLUMENTHAL (Alias LOUIS BLUMENFELD), Defendant.

Supreme Court, New York County, January 6, 1936.

*William C. Dodge, District Attorney* [*Thomas E. Dewey, Jacob J. Rosenblum* and *Stanley H. Fuld, Deputy Assistant District Attorneys,* of counsel], for the plaintiff.

*Henry J. Block,* for the defendant.

McLAUGHLIN (CHARLES B.), J. This is a motion for a certificate of reasonable doubt. The defendant has been convicted after a trial in the Court of Special Sessions upon an information charging him with violating the provisions of sections 340 and 357 of the Banking Law (added by Laws of 1932, chap. 399). This information contains two counts. Briefly, the first count alleged that he was in the business " of lending money," etc., without having obtained a license from the Superintendent of Banks, in violation of section 340 of the Banking Law. The second count charges that he made a loan of twenty-five dollars and it was agreed that the borrower should pay an amount in excess of six per centum per annum. This was a violation of section 357 of the Banking Law. The decision of the court finding him guilty was unanimous. There was sufficient evidence to find the defendant guilty on both counts. The weight to be given the testimony was for the triers of the facts and their disposition in this case does not raise any question of law. The attack made upon the impartiality of the Court of Special Sessions is wholly without merit. Nor is there any substance to the claim that Part VII of the Court of Special Sessions was not a proper

tribunal to try this case. It was a duly constituted court with jurisdiction to try this case and had jurisdiction of the defendant's person, and that is sufficient. The defendant did not testify in his own behalf and his claim that the testimony of a single character witness should compel an acquittal is novel but totally lacking in merit. The sentence imposed is not excessive and, therefore, the amount of the same is not a proper ground for a certificate. The great weight of authority certainly seems to hold that the law is constitutional. It is a salutary law for the protection of those who must make small loans. It protects them against known evils by proper regulation. Without going into the details of these evils, it is sufficient to say that the Legislature, within the police power of the State, has properly exercised its discretion not only to protect the victims but also to see that nobody obtains the privilege of charging interest in excess of six per cent per annum on loans of $300 or less, unless they are properly licensed. Where such statutes have been reviewed by the highest courts of other jurisdictions they have in practically all instances been declared constitutional. (*Commonwealth* v. *Puder*, 261 Penn. St. 129, 136; 104 A. 505; *People* v. *Stokes*, 281 Ill. 159; 118 N. E. 87; *Jannett* v. *Hardie*, 290 U. S. 602, affg. *Jannett* v. *Windham*, 109 Fla. 129; 153 So. 784.) The motion is denied.