Argued January 14; affirmed January 19, 1937

# WRENN ET AL. *v.* PORTLAND LOAN CO. ET AL.

### (64 P. (2d) 520)

In Banc.

*Wm. P. Lord,* of Portland (T. Walter Gillard, of Portland, on the brief), for appellants.

*Joseph Van Hoomissen,* of Portland (Linus M. Fuller, of Portland, on the brief), for respondents.

Dey, Hampson & Nelson, Roscoe C. Nelson, R. R. Morris, Layton & Bovrie, Lester L. Ahlgrim, Teal, Winfree, McCulloch, Shuler & Kelley, and Alfred Kelley, all of Portland, *amici curiae.*

CAMPBELL, J. On October 31, 1935, plaintiffs filed a suit in the circuit court for Multnomah county asking that a certain note and mortgage be declared void and of no effect.

It appears that sometime prior thereto, plaintiffs executed a note in the sum of $300 in favor of defendant, Portland Loan Company, and to secure said note executed a chattel mortgage on certain household goods and furniture. It appears that said loan was made under what is commonly known as the Small Loan Act (Oregon Laws 1931, chapter 385, and the acts amendatory thereto), and that they were charged the full rate of interest permitted by said act; and that the Portland Loan Company had complied in all respects with the provisions of said act. Upon default, in the payment of said note, the defendant Portland Loan Company placed said chattel mortgage in the hands of the constable, defendant Charles G. North, with directions to foreclose the same. Thereupon plaintiffs brought this suit for the purpose of having said note and mortgage declared void and to enjoin the constable from taking possession of said furniture and said household chattels, for the reason that a greater rate of interest was charged on said note and mortgage than was permitted by the general laws of the state of Oregon (§ 57-1201,

et seq., Oregon Code 1930). After hearing, the court refused to enter an order restraining the constable. Plaintiffs thereupon refused to proceed further with the cause and the same was dismissed with costs assessed against the plaintiffs. From this decree, and judgment, plaintiffs appeal.

The plaintiffs, in this appeal, attack the constitutionality of the Small Loan Act (chapter 385, Oregon Laws 1931, and the amendatory acts thereto) on the grounds: (1) That the said act is void because it violates Subdivision 12, § 23 of Article IV of the Constitution of Oregon; and (2) that the said act is void because the subject of the act is not expressed in the title and therefore violates § 20 of Article IV of the Constitution of Oregon.

Section 23 of Article IV of the Constitution of Oregon provides:

"The legislative assembly shall not pass special or local laws in any of the following enumerated cases, that is to say—

\*       \*       \*       \*       \*

12. In relation to interest on money."

Section 22 of Chapter 385, Oregon Laws 1931, provides, in part:

"It shall be unlawful for a licensee to charge, contract for or receive any interest or consideration at a greater rate than 3 per centum per month computed exactly on unpaid balances on loans, secured or unsecured, made to any one person in the aggregate sum of three hundred dollars ($300) or less;    \*    \*    \*"

Said chapter 385 applies to the whole state, and therefore is not a local law, nor do appellants make any contention that it is such, their contention being that it is special not as to locality, but to persons and things because it only applies to loans of $300 or less.

■ This court has had occasion heretofore to define special laws.

"A law may be general, however, and have but a local application, and it is none the less general and uniform, because it may apply to a designated class, if it operates equally upon all the subjects within the class for which the rule is adopted; and, in determining whether a law is general or special, the court will look to its substance and necessary operation, as well as to its form and phraseology: * * * This is the accepted rule everywhere." *Ladd v. Holmes,* 40 Or. 167 (66 P. 714, 91 Am. St. Rep. 457).

This court in *Farrell v. Port of Columbia,* 50 Or. 169 (91 P. 546, 93 P. 254), in speaking of the term "general", as used in the provision of our constitution now under consideration, said:

"And when it is used in contradistinction to 'special' it signifies relating to the whole community or all of a class instead of to a particular locality or a part of a class. In this latter sense a law is general when it operates equally and uniformly upon all persons, places or things brought within the relation and circumstances for which it provided. But when it is applicable only to a particular branch or designated portion of such persons, places or things, or is limited in the object to which it applies, it is special: * * * It is in this sense that the terms 'general' and 'special' are used in the provision of the constitution now under consideration."

From the case of *Mutual Loan Company v. Martell,* 222 U. S. 225 (56 L. Ed. 175, Ann. Cas. 1913B, 529, 32 S. Ct. 74), and quoted with approval in *State v. Ware,* 79 Or. 367 (154 P. 905, 155 P. 364), we take the following:

"We have declared so often the wide range of discretion which the legislature possesses in classifying the objects of its legislation that we may be excused

from a citation of the cases. We shall only repeat that the classification need not be scientific nor logically appropriate, and if not palpably arbitrary and is uniform within the class, it is within such discretion."

"Special or private acts are rather exceptions than rules, being those which only operate upon particular persons and private concerns." 1 Blackstone's Comm. 86, quoted with approval in *Maxwell v. Tillamook County,* 20 Or. 495 (26 P. 803).

The Small Loan Act was intended to enable persons to borrow small sums who did not possess what is ordinarily known as "bankable security", or such security as would enable them to obtain a loan from the ordinary loaning or banking institutions. On account of the greater risk involved in such small loans the legislature saw fit to allow a greater rate of interest to be charged than that permitted under the usury statute (§ 57-1201, Oregon Code 1930), and the act was made to apply to everyone within that class. Such a classification cannot be deemed unreasonable or unjustifiable, and is within the legislative discretion.

Many of the states of the Union, with constitutional provisions similar to the one contained in the Oregon Constitution, and under consideration herein, have adopted small loan acts very similar to the act now under consideration. Such statutes have been almost uniformly upheld as not being violative of such constitutional provisions. See *State v. Hill,* 168 La. 761 (123 So. 317), and the annotation to said case as reported in 69 A. L. R. 581.

■ We hold that § 22 of chapter 385, Oregon Laws 1931, is neither special as to persons or things nor as to locality; and therefore not violative of Subdivision 12, § 23 of Article IV of the Constitution of Oregon.

■ The appellants next contend that the act is void because the subject of the act is not expressed in the title, and therefore violates § 20 of Article IV of the Constitution of Oregon.

The title of the act reads as follows:

"To define, license and regulate the business of making loans in amount of three hundred dollars ($300) or less, at a rate of interest, consideration or charge in excess of ten (10) per centum per annum, *to prescribe the maximum rate which may be charged, contracted for or received* and the maximum amount which may be loaned to any one person at such rate; to regulate the assignment of wages or salaries when given as security for any such loan; to provide for the administration and enforcement of this act and penalties for violation thereof; to repeal chapter XXVI, title XXII, Oregon Code 1930." [Italics ours.]

It will be observed that the title is quite comprehensive. Section 22 of the act reads as follows:

"It shall be unlawful for a licensee to charge, contract for or receive any interest or consideration at a greater rate than 3 per centum per month computed exactly on unpaid balances on loans, secured or unsecured, made to any one person in the aggregate sum of three hundred dollars ($300) or less; * * *"

This is clearly expressed in that part of the title which says: "to prescribe the maximum rate which may be charged, contracted for or received * * *."

■ The appellants contend that because the act places the administration thereof under the superintendent of banks that part of the title which reads: "to provide for the administration * * *", is not broad enough in its provisions to include placing such administration in the hands of the superintendent of banks. This contention is untenable. It was not the intention of the framers of the constitution that every particular

part of the act should be mentioned in the title. The subject of the act under consideration was the making of small loans at a greater rate of interest than ten per centum per annum and not exceeding three per centum per month. The provision of the constitution only requires that the act shall contain "but one subject, and matters properly connected therewith, which subject shall be expressed in the title." The method of enforcing and administering it is certainly germane to the subject.

The decree of the circuit court will be affirmed. Neither party will recover costs in this court.

It is so ordered.

BELT and KELLY, JJ., did not participate in this decision.