Essie Curtis Gregg and Another, Plaintiffs, *v.* Personal Finance Company of New York, Defendant.

Supreme Court, Jefferson County, May 27, 1937.

*Norman F. Ward,* for the motion.

*Conboy & Conboy,* opposed.

Miller, J.   The amended complaint alleges that the defendant is a domestic corporation duly organized and existing under and by virtue of the Laws of 1932, chapter 399, section 3, of the State of New York, entitled " An Act to amend the Banking Law, in relation to certain lenders of small loans," which has been incorporated in the Banking Law as article 9 thereof (§ 340 *et seq.*), entitled " Licensed Lenders."

That the defendant now is and at all times hereinafter mentioned was duly licensed, pursuant to and in compliance with the provisions of article 9 of the Banking Law, to conduct the business of loaning money as therein provided.

That on or about the 11th day of March, 1935, the defendant loaned the sum of $200 to the plaintiff Essie Curtis Gregg, and she thereupon executed and delivered to the defendant her promissory note in writing, signed by herself as maker and by the plaintiff Emmett R. Gregg as accommodation maker, by which they

promised to pay to the defendant the sum of $200, in nineteen successive monthly installments of $10 each, with interest before and after maturity at the rate of three per centum per month on any part of the unpaid principal balance of such loan not in excess of $150 and two and one-half per centum per month on any remainder of the unpaid principal balance, the first of which installments was payable on the 11th day of April, 1935, together with a like twentieth installment, covering any unpaid balance, including interest as aforesaid, due and owing on the 11th day of November, 1936.

That concurrently with the execution and delivery of said promissory note, the plaintiff Essie Curtis Gregg executed and delivered to the defendant as collateral security for the loan and note above set forth, a chattel mortgage on certain of her household furniture. That on information and belief, such household furniture is of the value of more than $500.

That prior to the commencement of this action, the plaintiff Essie Curtis Gregg has from time to time paid on such indebtedness to the defendant the total sum of $135.30.

That prior to the commencement of this action, the plaintiffs have duly tendered to the defendant the full amount of principal due, with interest at six per cent per annum, less payments made, but such tender was refused.

The plaintiffs further alleged that section 352 of article 9 of the Banking Law, which provides that " Every licensee hereunder may loan any sum of money not exceeding three hundred dollars in amount and may charge, contract for, and receive thereon interest, consideration, or charges not exceeding three per centum per month on any part of the unpaid principal balance of the loan not in excess of one hundred fifty dollars and two and one-half per centum per month on any remainder of the unpaid principal balance of the loan," is in violation of 'section 6, article 1, and section 18, article 3, of the State Constitution, and the Fourteenth Amendment to the Federal Constitution.

The plaintiffs demand judgment against the defendant, declaring that section 352 of the Banking Law is unconstitutional and void; that the promissory note and the chattel mortgage are void; for an injunction forever restraining the defendant from any prosecution or enforcement of the promissory note and chattel mortgage; directing the defendant to cancel and surrender to the plaintiffs such promissory note and chattel mortgage; and declaring that the plaintiffs are not indebted to the defendant in any sum whatsoever by virtue of such promissory note and chattel mortgage.

The defendant moves for an order dismissing the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.

While no case has been called to my attention where the Court of Appeals of this State has passed directly upon the constitutionality of the statute in question, yet in several cases the courts have approved the principle involved. Among these are *London Realty Co.* v. *Riordan* (207 N. Y. 264) and *Lowry* v. *Collateral Loan Assn.* (172 id. 394).

In the case of *People* v. *Blumenthal* (157 Misc. 943) the defendant was convicted of operating a money-lending business without a license and of exacting excessive interest in violation of sections 340 and 357 of the Banking Law. The conviction of the defendant was upheld and the court held that the sections were constitutional.

In a recent case in the Court of Appeals (*People* v. *Faden,* 271 N. Y. 435) the defendant was convicted of a violation of the same sections of the Banking Law, and while the constitutionality of the provisions was not raised, the conviction was upheld. However, the constitutionality of similar statutes has been sustained in several other States. (*Commonwealth* v. *Puder,* 261 Penn. St. 129, 136; 104 A. 505; *Dunn* v. *State of Ohio,* 122 Ohio St. 431; 172 N. E. 148; *Dewey* v. *Richardson,* 206 Mass. 430; 92 N. E. 708; *People* v. *Stokes,* 281 Ill. 159; 118 N. E. 87; *Jannett* v. *Windham,* 109 Fla. 129; 147 So. 296; 153 id. 784; affd., *Jannett* v. *Hardie,* 290 U. S. 602; 54 S. Ct. 345; 78 L. Ed. 529; *State* v. *Hill,* 168 La. 761; 123 So. 317; 69 A. L. R. 574; *Mutual Loan Co.* v. *Martell,* 222 U. S. 225, 231; 32 S. Ct. 74; 56 L. Ed. 175. See annotation, *State* v. *Hill, supra,* 69 A. L. R. 581, where many similar cases are reviewed.)

The most recent case that has been called to my attention is *Wrenn* v. *Portland Loan Co.* (155 Ore. 395; 64 P. [2d] 520), decided by the Supreme Court of the State of Oregon on the 19th day of January, 1937. The constitutionality of the act is fully discussed in the opinion. The court advances the same argument as to the benefits arising from such a statute as was used by our Court of Appeals in *London Realty Co.* v. *Riordan* and *Lowry* v. *Collateral Loan Assn.* (*supra*), and reached the conclusion that the statute is constitutional.

The courts uniformly hold that a statute should not be set aside because it is novel, revolutionary and unusual, or because the court may not agree with the absolute justice of the act. This principle is clearly stated by Judge BARLETT in the case of *New York Central & H. R. R. R. Co.* v. *Williams* (199 N. Y. 108, 127). In his opinion Judge BARTLETT said: " Again and again the courts of this country have asserted the proposition, in almost every form in which the English language can phrase it, that it is their duty to uphold a statute enacted by the Legislature as constitutional if it is possible to do so without disregarding the plain command or necessary implication of the fundamental law. If the lawmakers

have not violated the Constitution their work must stand until they themselves destroy it, no matter what the courts may think of its wisdom or probable effect. ' The courts have no right to set aside, to arrest or nullify a law passed in relation to a subject within the legislative authority on the ground that it conflicts with their notions of natural right, absolute justice or sound morality.' (*Slack* v. *Jacob*, 8 W. Va. 612.) "

Mr. Justice DOWLING, of the Fifth Judicial District, cites this case in his opinion in *Chamberlin, Inc.*, v. *Andrews* (159 Misc. 124, decided Feb. 28, 1936). He gives a most excellent review of the many cases bearing upon this proposition.

The plaintiff further urged upon the argument of the motion that chapter 399 of the Laws of 1932 is a private or local bill, and, therefore, violates section 18 of article 3 of the New York State Constitution. The statute is State-wide applicable, alike in all parts of the State, and it is general in its design and in no sense special, since it regulates a certain class of business and governs all who engage in such business. (*People ex rel. Central Trust Co.* v. *Prendergast*, 202 N. Y. 188, 194; *Ferguson* v. *Ross*, 126 id. 459, 464; *Matter of Ahern* v. *Elder*, 195 id. 493; *Schieffelin* v. *McLaughlin*, 127 Misc. 56.)

In my opinion, the statute is constitutional, and defendant's motion to dismiss the complaint is granted, with ten dollars costs.