The legislature of 1927, Special Session, enacted Chapter 13379, Laws of Florida, creating a pension fund for members of the Fire Department, City of St. Petersburg, and provided for their retirement. In 1941 the Legislature enacted Chapter 21557, (Special Acts) creating a Pension Fund for the Fire Department, City of St. Petersburg, and provided for its administration. Chapter 21557, Special Acts of 1941, repealed Chapter 13379, Special Acts of 1927 and set up a new and different scheme for the administration of the Pension Fund.
Appellant was appointed Chief of the Fire Department of St. Petersburg in 1913 *Page 446 
and continued in that position till 1936, when he became eligible to and did retire under the provisions of the Act of 1927. Under this act he was entitled to a pension of $169.75 per month which he drew until the 1941 Act became effective. Under the 1941 Act the highest amount allowed any pensioner was $100 per month. Appellant voluntarily accepted the provisions of the 1941 Act for more than six years before he instituted this suit.
The bill of complaint names the Board of Trustees of the Pension Fund of the Fire Department and others as defendants, alleges the facts detailed herein, and prays for a declaratory decree determining the rights of the plaintiff, in particular that he is entitled to a monthly pension of $169.75 per month, and that Chapter 21557, Special Acts of 1941, be decreed to be null and void and of no force and effect in so far as it affects plaintiff's right under Chapter 13379, Special Acts of 1927. The relief prayed for was denied and the plaintiff appealed.
The precise question for determination is whether under the facts stated appellant is entitled to receive a pension in the amount provided by Chapter 13379, Special Acts of 1927, or as provided by Chapter 21557, Special Acts of 1941.
There is no dispute about the facts. The chancellor in effect held that under the issues made the plaintiff's right to pension accrued against the Board of Trustees of the Firemens Pension Fund, created under Chapter 21557, Special Acts of 1941, and that any claim he may have had under Chapter 13379, Special Acts of 1927 was not involved in this case.
It is true that any claim the plaintiff may have to pension under the 1927 Act is not involved in this case. While we do not decide the point, it may be that he has a claim against the retirement fund created by it. It is clear that he has no vested right in and to the monthly retirement compensation provided by said Act. It provides that the retirement fund be derived from two sources, (1) a tax levy of one-tenth of one mill on the taxable property in the City of St. Petersburg, and (2) one per cent of the monthly salary of those required by the act to contribute to it. Appellant may be entitled to his pro rata share of the amount paid into that fund under the 1927 Act. However, it would not be possible under the issues raised to determine the amount of his distributive share if it should ultimately be decided that he has such a claim.
This is not a case where the retirement fund is composed of (1) contributions by the beneficiaries, and (2) appropriations by the City supported by its taxing power. In cases of this class, the courts have generally held that vested rights exist in the retirement fund so created. Such holdings are grounded on the theory that a contract exists between those entitled to participate and the governmental entity which is protected by the contract clause of the State and Federal Constitution. F.S.A. Const. Declaration of Rights, § 17; U.S.C.A. Const. Art. 1, § 10.
Chapter 21557, Special Acts of 1941, was a complete revision of the pension laws of the City of St. Petersburg and it set up a new scheme for pensioning members of the Fire Department of the City. It repealed Chapter 13379, Special Acts of 1927, provided that pensions under said Act be paid pensioners as therein provided except that no pensioner should be paid more than $100 per month. Other changes were made in the pension plan of the City which are not necessary to detail. The Act of 1941 was intended to and did supersede the Act of 1927, except as to any vested rights that may have accrued under the latter act in the manner detailed in the paragraph preceding this one.
The point heretofore discussed is secondary only. On the main point presented, it is our view that the chancellor answered correctly so his decree must be affirmed. The Act of 1941 carried additional benefits and security to those embraced in the 1927 Act. Appellant accepted these benefits from appellee as soon as the 1941 Act became effective and continued to accept them month after month for more than six years and a half without complaint *Page 447 
before he raised any question as to their validity. If the point had been raised promptly a different question might have been presented, but we express no opinion as to what the answer might have been.
It was all the more important that appellant act promptly to assert his rights under the 1941 Act, because said rights accrued under the 1927 Act and he retired before the 1941 Act became effective. The beneficiaries under the 1941 Act were required to contribute three times as much to the pension fund as the beneficiaries under the 1927 Act, and the contribution by the tax payers was likewise three times as heavy. When the legislature, as in this case, sets up a completely revised pension plan, involving a new set-up as to taxes and benefits, one in doubt as to his status under the new plan cannot accept benefits under it for a period of almost seven years and then challenge its validity.
Pension plans and other phases of social security are among the most pressing now confronting the legislature. They must be worked out with care and with due regard to actuarial requirement else the plan promulgated fails because of its inherent vices. To hold that the legislature may not correct these when found to exist, would be foolish. Such experiments always experience a period of trial and error and where so many are affected, those asserting trespass on their rights must act promptly.
For the reasons so stated the judgment appealed from is affirmed.
Affirmed.
ADAMS, C.J., and CHAPMAN, SEBRING, BARNS and HOBSON, JJ., concur.
THOMAS, J., agrees to the conclusion. *Page 448