169 So.2d 875 (1964)
DADE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
FRANK N'BUN OPERATING CO., Inc., a Florida corporation, and Al Youst, Appellees.
No. 64-398.
District Court of Appeal of Florida. Third District.
December 22, 1964.
Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellant.
Garland M. Budd, Sidney J. Berger and Laurence S. Levenson, and Richard Taylor, Miami, for appellees.
Before HORTON, TILLMAN PEARSON and HENDRY, JJ.
HORTON, Judge.
Dade County appeals a final judgment in certiorari which in effect granted appellee corporation a variance from the zoning distance requirements for liquor establishments.
Appellee's property is located in an area zoned for "liberal business" which zoning permits shopping centers and other uses. For several years appellee had operated a drive-in restaurant on the property in question but this business had failed and the property had lain vacant for more than a year. The appellee conceived the idea of establishing a "one stop" shopping center on its property and in order to finance such undertaking, its financial backers required that appellee obtain long term leases from prime tenants, among which tenants was a *876 package liquor store. The appellee's property is within the prohibited distance of several liquor establishments, two churches and a public school.
By application to the zoning appeals board, the appellee sought a variance from the distance requirements of the zoning ordinance as applied to package liquor stores. After hearing, the zoning appeals board granted the variance and pursuant to requirements of the Metropolitan Code, posted the order granting the variance on August 21. The Metropolitan Zoning Code also provides fourteen days from the date of the posting of the order within which an interested party may appeal from the actions of the zoning appeals board. On the fourteenth day, one Al Youst filed an appeal. The county commission, to whom the appeal was taken, set the matter for hearing on October 10th. Other interested parties, including the Dade County school board, filed protests after the appeal period had expired. Approximately thirty days after Youst had filed his notice of appeal to the county commission, he filed a request to withdraw his appeal on the basis that he was mistaken as to the type of liquor establishment permitted by the variance granted. The Board of County Commissioners, by the provisions of the Metropolitan Code, allows one who has appealed from a decision of the zoning appeals board to withdraw his appeal within ten days from the date of the action of the zoning appeals board. Otherwise, according to the Code, one who has appealed to the commission can withdraw his appeal only with the consent of the commission. The commission inferentially denied Youst's request by considering the appeal and reversing the action of the zoning appeals board. The appellee then filed its petition for certiorari with the circuit court, seeking a nullification of the commission's resolution overruling the zoning appeals board and denying the variance. After hearing the circuit court entered the order appealed, nullifying the actions of the county commission.
The chancellor in the circuit court rendered an extensive opinion and judgment in certiorari, delineating all the facts in the case and concluding that the county commission, in passing the ordinance nullifying the action of the zoning appeals board, acted erroneously and contrary to the essential requirements of the law. The chancellor reached this conclusion on two separate bases. The first is that the portion of the ordinance limiting the right to withdraw appeals to the county commission is invalid because it "contains no standard or guide to aid or govern the action of the Board when confronted with an appellant's application to withdraw his appeal." The second is that the record clearly substantiated the finding of the zoning appeals board that there was an "unnecessary hardship" shown.
The appellant makes two contentions in this court for reversal of the circuit court's judgment in certiorari, i.e., (1) that the commission is not required to provide standards for itself to permit the withdrawal of an appeal; and (2) that the commission is required to reverse a variance granted by the zoning appeals board when the latter exceeds its jurisdiction by not following the standards established for the granting of a variance.
Section 33-312 of the Code of Metropolitan Dade County provides, inter alia:
"* * * No appeal may be withdrawn after a period of ten days from the date of the decision of the zoning appeals board; except at the appeal hearing before the Board of County Commissioners and with the permission of such Board."
This provision of the Code gives the applicant the right to withdraw his appeal within the ten days' period from the date of the decision of the zoning appeals board but thereafter places in the county commission the discretion to permit or deny the withdrawal of an appeal. In considering this appeal the county commission was acting *877 in a quasi-judicial capacity. We are unaware of specific requirements that the county commission must follow in exercising its discretion in a matter of this character other than to act fairly and impartially in the best interests of the public. The situation depicted by the record before us would permit the recipient of a variance and a co-operating objector to thwart a review of a decision of the zoning appeals board by the commission. Other than a showing that the discretion vested has been abused or arbitrarily exercised, no other guidelines for the exercise of the discretion are necessary or required. The burden of such a showing is generally upon the person who claims an abuse. In this instance we fail to find any abuse of discretion on the part of the commission in refusing to permit the withdrawal of the appeal. Certainly the public interest would not have been served by a contrary ruling.
The appellee in effect says that unless it could obtain a release from the restrictions as to a package liquor store, its financing for construction of a "one stop" shopping center would be jeopardized. There is no contention that the property cannot be used for the purposes for which it was zoned. The only hardship which we have been able to discern from the record is that it would be an economic advantage for the appellee to be permitted the operation of a package liquor store as part of its shopping center. Economic advantage has been held not to constitute a hardship sufficient to warrant the granting of a variance. See Elwyn v. City of Miami, Fla.App. 1959, 113 So.2d 849; Board of Adjustment of City of Fort Lauderdale v. Kremer, Fla. App. 1962, 139 So.2d 448. There was no evidence of, nor did the zoning appeals board find by its decision awarding a variance that a "literal enforcement" of the provisions of the distance requirements of the zoning regulations would "result in unnecessary hardship," a prerequisite to such an award under Section 33-311(e) of the Code of Metropolitan Dade County. Consequently, that body in awarding a variance departed from the essential requirements of the law and the commission was not only justified but had a duty to correct an attempted exercise of jurisdiction beyond and in excess of that vested in the board.
Concluding as we have that the final judgment in certiorari was erroneously entered, it follows that the same should be and is hereby reversed with directions to dismiss the petition.
Reversed with directions.