PER CURIAM.
Plaintiff seeks review of a final decree denying it the injunctive relief it seeks by its complaint herein, and dismissing with prejudice the cause.
By its complaint plaintiff asserts that it is the owner of a parcel of land in the City of Jacksonville presently zoned as Residence *17 C” and usable only for residential purposes; that this parcel is adjacent to another parcel of land owned and occupied by plaintiff which is zoned Business “B” and usable for general business, distribution, and light industry and is in fact presently used and occupied by plaintiff in connection with the operation of its business; that plaintiff’s property zoned for Residence “C” use is no longer desirable or adaptable to that purpose but has a value only for those uses permitted by Business “B” zoning regulations; that it applied to defendant city for a rezoning of its parcel from Residence “C” to Business “B,” which application was denied; that such denial was arbitrary, discriminatory, confiscatory, and illegal, having no substantial relationship to public health, safety, morals, or general welfare and constitutes a taking of plaintiff’s property without due process of law.
Upon the evidence adduced at the hearing the chancellor found that the parcel in dispute was in fact no longer adaptable for use as residential property. The chancellor further found, however, that the change in character of the land in dispute which occurred between the date of zoning and the present did not arise from natural or other causes beyond the control of the plaintiff which rendered it no longer adaptable to residential use. The chancellor found that the change in character of the property resulted directly from the use to which plaintiff devotes the adjacent parcel of land owned by it under a Business “B” zoning classification and on which it operates its business. The chancellor concluded that to rezone plaintiff’s land to a Business “B” classification would work an unjustifiable hardship on the homeowners whose property is zoned for residential use only and which surrounds the disputed parcel of land on three sides.
The chancellor found that whether the zoning regulations of the city, as applied to plaintiff’s property, are reasonable and hear a just relationship to the health, safety, morals, and welfare of the community and its citizens was fairly debatable and therefore falls within the ambit of the city’s discretion in denying plaintiff’s application for rezoning. The chancellor’s conclusion is amply supported by the record under the established principles of law prevailing in this state, and therefore must be affirmed.[1]
Affirmed.
WIGGINTON, Acting C. J., and JOHNSON and SPECTOR, JJ., concur.

. Dade County v. Mitchell, (Fla.1966) 188 So.2d 359; City of Miami Beach v. Lachman, (Fla. 1953) 71 So.2d 148.