**JEMCO MASTERCRAFT HOMES, Inc. v. METROPOLITAN DADE COUNTY.**
No. 71-13497.
Circuit Court, Dade County.
January 31, 1971.

Jepeway, Gassen & Jepeway, Miami, for the plaintiff.

Stuart Simon, County Attorney and St. Julien P. Rosemond, Assistant County Attorney, for the respondent.

SHELBY HIGHSMITH, Circuit Judge.

After final hearing and having considered the oral arguments made by the attorneys for the parties, reviewed the record transcript and briefs, the court is of the opinion that the petition is not well taken and that a writ of certiorari should not issue.

The petitioner bought the property in question well knowing that its predecessor in title had voluntarily placed a unilateral restrictive covenant upon the property and the surrounding property all described in the "Master Plan — Cherry Grove Village" which covenants provided that the plan would be followed in developing all of the property described in the restrictive covenant, including the property in quo. The latter was designated by the plan to be used for a village green and church and the court finds it could be so used.

The court is of the opinion that the covenant is still in force and effect and can be enforced — there has been no material change in the area and the purpose for which the restrictions were imposed still exists. Barton v. Moline Properties, Inc., 121 Fla. 683, 164 So. 551; Allen v. Avondale Co., Fla. 1938, 185 So. 137; Wahrendorff v. Moore, Fla. 1957, 93 So.2d 720. The petitioner obviously knew of this or was on notice thereof because the covenant was recorded. Since his predecessor cannot claim lack of reasonable use he cannot complain except to himself for purchasing a portion of the whole that can only be used for a church. Sinclair Refining Co. v. Watson, Fla. 1953, 65 So.2d 732.

The petitioner knew of the restriction but yet purchased the property; therefore, it cannot complain because office building zoning was denied. Matthews v. Olson, 212 So.2d 357. Even if the zoning it sought had been granted such would not have eliminated the restriction. Staninger v. Jacksonville, Fla. App. 1966, 182 So.2d 483, 485. Since the restrictive covenant could not be eliminated and is enforceable the petitioner could not use the property for an office building even if the requested zoning had been granted. Thus the court is not required to determine the validity of the zoning — to hold it unconstitutional would not benefit the petitioner. Samuel Wollard et al. v. Metropolitan Dade County, Dade County Circuit Court Case No. 69-7873, and Dade County Board of Commissioners v. Rockmatt Corporation, Fla. App. 1970, 231 So.2d 41, 44.

Well knowing of the general plan, the covenant to develop substantially in accordance with it, knowing the plan called for a village green and church, that County Commission 1966 Resolution No. 2-205-66 granted zoning in accordance with the plan without any conditions, and that the development substantially complied with the plan in quo, the petitioner purchased the undeveloped property and sought semi-professional office building zoning and a variance in order to build three stories intead of two which is the limitation.[1] After the county commission denied the applied for zoning relief, the petitioner sought this court's aid by way of a petition for writ of certiorari which the court hereby denies.

It is true as argued by the petitioner that a property owner has a constitutional right to have reasonable use of his land which cannot be restricted by unreasonable restrictions. Burritt v. Harris, Fla. 1965, 172 So.2d 820, 823. However, such right has not been excised here because the court must view the rights of the previous owner and developer of Cherry Grove Village in accordance with the plan therefor which he was authorized by way of zoning and followed in developing Cherry Grove. The developer was given business uses, various types of multiple family uses as well as single family uses. He was given higher density in other areas to compensate for the village green and church use on the property in issue, i.e., the plan gave more density[2] on other property because the developer was preserving the property in quo for a village green and church. In other words, considering all the property subject to the plan and the zoning granted in accordance therewith the developer was given reasonable use of the whole area. Moreover, the intervenors being property owners who purchased lots in pursuance of the plan and in reliance on the zoning are entitled to the enforcement of the existing zoning absent changed conditions. Hartnett v. Austin, Fla. 1956, 93 So.2d 86.

---

1. Since there was no hardship the variance was properly denied. Dade County v. Frank N' Bun Operating Co., Inc., Fla. App. 169 So.2d 875, 877; Elwyn v. City of Miami, Fla. 1959, 113 So.2d 849.

2. Density is a controlling element of zoning and a legitimate exercise of the police power. See Coronet Homes, Inc. v. McKenzie, 439 P.2d 219, 224; and Town of North Reading Beach v. Williams, Fla. App. 1969, 220 So.2d 22. Our immediate appellate court has recognized that when a developer agrees to reduce density by using 50% of the property for open space, it can in some instances cause the county commission to rezone for multiple dwelling use. See Larkin v. Metropolitan Dade County Fla. App. 1970, 237 So.2d 343. Here the plan calls for some apartments and duplexes.

The petitioner obviously cannot claim that the 1966 zoning resolution obtained by its predecessor is invalid, i.e., did not give reasonable use of the Cherry Grove property, because if for no other reason petitioner's seller accepted the benefits of the resolution and is therefore estopped to contest it. State v. Village of North Palm Beach, Fla. 1962, 138 So.2d, 379-80; State v. Gray, Fla. 1950, 48 So.2d 84, 88; Jannett v. Windham, 109 Fla. 129, 147 So. 296; and McNulty v. Blackburn, Fla. 1949, 42 So.2d 445. Since petitioner's predecessor in title is estopped so is the petitioner. Evans v. Hillsborough County, 135 Fla. 471, 186 So. 193. Cf. John G. Lane Line, Inc. v. City of Jacksonville, Fla. App. 1967, 196 So.2d 16, 17.

Another reason the petitioner cannot complain is the doctrine of res judicata. Since there has been no substantial change in the area after the property was zoned in 1966 for and developed in accordance with the plan this doctrine is applicable here. Metropolitan Dade County Board of County Commissioners v. Rockmatt, supra.

The court also disagrees with the petitioner that the resolution rezoning in accordance with the plan is invalid as contract zoning. The resolution does not contain any conditions or refer to the restrictive covenant although the recording of the restriction may have induced the zoning. Certainly the resolution is nowhere similar to the situation in Hartnett v. Austin, supra, where the objectors brought the suit, not the recipient of the rezoning or a subsequent purchaser. Further, in *Hartnett* the contents of the agreement were unknown and not certain. Again estoppel by accepting benefits would prevent an attack on this ground even if this same was valid. Moreover, petitioner's application of the *Hartnett* case, supra, is invalid as may be seen from the following cases — Bucholz v. City of Omaha, Neb. 1963, 120 N.W.2d 270, 277; State v. Schimenz, Wisc. 1970, 174 N.W.2d 533, 535; Housing Authority of the City of Melbourne v. Richardson, Fla. App. 1967, 196 So.2d 489, 493; Church v. Town of Islip, 203 N.Y.S.2d 866, 869; and In re Rosedale Avenue, N.Y. 1964, 243 N.Y.S.2d 814.

The court is also of the opinion that the petitioner did not demonstrate that the issue was not fairly debatable. Metropolitan Dade County v. Kanter, Fla. App. 1967, 200 So.2d 624, 626; Metropolitan Dade County v. Greenlee, Fla. 1969, 224 So.2d 781. The petitioner has not "shown a complete deprivation of the beneficial use." It was never contended that the property could not be reasonably used for a church. City of Miami v. Zorovich, Fla. App. 1967, 195 So.2d 31, 36.

The premises considered, it is ordered and adjudged that this writ is hereby denied and the petition therefor and this cause are hereby dismissed with prejudice to and at the cost of the petitioner.