TAMPA NORTHERN RAILROAD COMPANY, A CORPORATION, *Appellant*, v. CITY OF TAMPA, A MUNICIPAL CORPORATION, PERRY G. WALL, MAYOR COMMISSIONER, W. J. BARRITT, WILLIAM A. ADAMS, S. L. LOWRY AND JAMES MCCANTS, CITY COMMISSIONERS, *Appellees*.

Division B.

Decision Filed January 30, 1926.

*Knight, Thompson & Turner,* for Appellant;

*Hilton S. Hampton,* for Appellees.

WHITFIELD, P. J.—The railroad company sought to enjoin the enforcement of an ordinance of the city requiring the company to abandon the use of a certain part of a street for railroad transportation purposes.

Before the municipality had developed into a city of dense population and great commercial activity a railroad company was by ordinance granted the power, authority and privilege to construct and maintain one or more lines or railway tracks, and to operate its locomotives, engines and cars thereover on certain designated streets and portions of streets in the municipality, including Twiggs Street; and certain duties as to paving, etc., were imposed upon the company. Later, owing to the greatly increased volume of traffic involving dangers to life and property an ordinance of the city forbade "the movement, the switching or placing of any railroad car or cars, and the standing of any car, or the unloading of any freight from any railroad car on any portion of Twiggs Street west of a point where said Twiggs Street and the east side of Maxwell Avenue intersect." A bill was filed seeking to enjoin the enforcement of the latter ordinance. A temporary in-

junction was granted. A demurrer to the bill and also an answer were filed. Later a motion to dissolve the temporary injunction was made, supported apparently by the sworn answer and a separate affidavit. The court rendered the following decree:

"The above styled cause coming on this day to be heard upon motion to dissolve injunction, demurrer and answer to the bill of complaint and the exhibits, argument of counsel having been had by both parties, the court being duly advised in the premises, having duly considered the said cause;

"IT IS CONSIDERED, ORDERED AND ADJUDGED that said motion be and the same is hereby granted and said temporary injunction hereby dissolved; that the said demurrer be and the same is hereby sustained. The complainant having announced that it does not desire to further plead, thereupon,

"IT IS ORDERED AND ADJUDGED that the bill of complaint be and the same is hereby dismissed."

The complainant appealed.

A municipal ordinance within the power delegated by the legislature is a state law within the meaning of the Federal Constitution.

Neither the "'contract clause," nor the "due process clause" of the Federal Constitution overrides the power of the State to establish necessary and reasonable regulations under its police power, a power which can neither be abdicated nor bargained away and subject to which all property rights are held.

The enforcement of uncompensated obedience to a properly enacted reasonable police regulation for public health and safety is not an unconstitutional taking of property without compensation or without due process of law.

The constitutional validity of ordinances affecting pub-

lic safety as affected by railroads must be considered not only in view of charter and property rights but also of the consent and acquiescence of the owners of railroads. Atlantic Coast Line R. Co. v. City of Goldsboro, North Carolina, 232 U. S. 548, 34 Sup. Ct. Rep. 364; Grand Trunk Western R. Co. v. City of South Bend, 227 U. S. 544, 33 Sup. Ct. Rep. 303; Denver v. Denver & R. G. R. Co., 63 Colo. 574, 167 Pac. Rep. 969, L. R. A. 1918D 659; L. R. A. 1918B 481, Notes.

Contract and property rights of a railroad company in respect of the operation of a track in a public street are held subject to the fair exercise by a State, or by a municipality as its agent, of the power to make and enforce regulations reasonably necessary to secure public safety, such regulations being subject to judicial scrutiny as to their validity and reasonableness under organic law. See discussion in Denver & R. G. R. Co. v. City and County of Denver, 250, U. S. 241, 39 Sup. Ct. Rep. 450, and Grand T. W. Ry. Co. v. City of South Bend, *supra;* Penn. Coal Co. v. Mahon, 260 U. S. 393, 67 L. Ea. 322, Sup. Ct.

The allegations of the bill of complaint do not wholly fail to state a cause of action for appropriate equitable relief; therefore the order sustaining the demurrer and dismissing the bill was error.

Apparently the answer was considered as an affidavit on the motion to dissolve the temporary injunction; but the cause was not set down by the complainant for hearing on bill and answer.

The rights of the complainant under its franchise as set up in the bill of complaint, and the correlative authority of the city and of the legislature in the premises under the police power and under Section 30, Article XVI, and Section 8, Article VIII, of the Constitution, as averred in the

answer, should have been adjudicated in due course of equity procedure.

Reversed.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND STRUM, J., concur in the opinion.