**JOHN H. SWISHER & SON, INC., a Corporation, and FRANK JONES, v. THOMAS A. JOHNSON, as Chairman of the STATE ROAD DEPARTMENT OF THE STATE OF Florida.**

5 So. (2nd) 441                                             En Banc
December 19, 1941           Rehearing Denied January 21, 1942

Rinehart, Coulter & Conroy, Crawford & May, Francis P. Conroy and J. T. G. Crawford, Whitaker Brothers, for appellant.

J. Tom Watson, Attorney General, Donald Carroll, Assistant Attorney General, Thomas M. Shackleford, Jr., and Richard W. Ervin, M. N. Arfaras, for appellee.

George Couper Gibbs, Knight & Knight, Worth, Bivens & Lively & Julius F. Stone, as amicus curiae.

### STATEMENT

The bill of complaint herein contains allegations in substance and effect as follows:

"1. Plaintiff John H. Swisher & Son, Inc. (hereinafter called Swisher) is a corporation organized and existing under the laws of the State of Ohio and is duly authorized to transact business in the State of Florida. Said Swisher is engaged in the business of manufacturing cigars in the State of Florida and selling its product throughout the State of Florida and elsewhere. . . .

"2. Plaintiff Frank Jones is a citizen and resident of Duval County, Florida, and is the owner of land in said county upon which he has granted to said Swisher the right to erect and maintain one of its said highway signboards as hereinafter set forth.

"3. The defendant Thomas A. Johnson is the duly authorized and acting Chairman of the State Road Department of the State of Florida, and as such is clothed with the power and charged with the function and duty of administering and enforcing the certain statute of the State of Florida entitled:

" 'An Act to Regulate Outdoor Advertising Outside of the Corporate Limits of Cities and Incorporated Towns in Sight of Public Highways; to Provide for Licensing Persons Engaged in the Business of Outdoor Advertising and for the Issuance of Permits for

Advertisements and Advertising Structures; and to Provide for the Removal of Advertising and Advertising Structures Illegally Posted, Displayed, Erected, Used or Maintained; to Prescribe the Powers and Duties of Certain Officers Relating Thereto; and to Prescribe Penalties for Violations of this Act,' being Chapter 20446, approved May 26, 1941.

"4. Said statute, among other things, provides that: 'No advertisement, advertising sign, or advertising structure shall be constructed, erected, used, operated or maintained . . . within 15 feet of the outside boundary of a public highway. . . .' (Sec. 9); and that any such sign is 'a public and private nuisance and shall forthwith be removed, obliterated or abated by the State Chairman. . .' meaning the said Chairman of said State Road Department (Sec. 15); and that 'any person owning or maintaining any such sign, whether as principal, agent or employee, . . . shall be guilty of a misdemeanor and upon conviction thereof, shall be punished by a fine of not less than Ten Dollars nor more than Three Hundred Dollars; and such person shall be guilty of a separate offense for each month during any portion of which any violation of this Act is committed, continued or permitted.' (Sec. 16).

"5. Said Swisher owns and maintains in the State of Florida 287 advertising signboards within 15 feet of the outside boundaries of public highways. All said signboards are of uniform size and construction and display solely the words: 'King Edward Cigars.' All said signboards measure 3 feet 10 inches by 5 feet 10 inches, made of vitreous porcelain enamel, and are securely fastened between galvanized iron posts which are firmly imbedded in the ground in cement

to a sufficient depth to prevent falling or being blown down by winds of high velocity. None of said signboards are of a value of as much as $100.00. A photograph depicting one of said signboards in its actual present location is attached hereto, marked exhibit 1 and made a part hereof.

"6. Said Swisher has placed all its said signboards under uniform written agreements (except as to consideration) with owners of lands abutting public highways.

"7. Plaintiff Frank Jones is the owner in fee simple of a parcel of land on United States Highway No. 1 six and two-tenths miles south of the City of Jacksonville on which one of said signboards has long heretofore been and is being maintained by said Swisher; that he receives a valuable consideration annually for said use of said land; and that said land is what is commonly known as cut-over pine land and is not useful for agricultural or other revenue producing purposes; that the consideration paid by said Swisher, and additional sums received from other users of highway signboard advertising, constitutes the sole source of revenue from said land.

"8. Plaintiff Swisher has invested in its said signboards the sum of to-wit, $7,175.00.

"9. None of said signboards are dangerous to the public by falling or being blown down, or by being constructed of such material or in such manner as to endanger life or property, or by increasing any fire hazard, or by obstructing the view of travellers on said highways, or by having printed or displayed on them any obscene characters or words tending to injure or offend public morals.

"10. Unless restrained by a court of competent jurisdiction, the defendant will, as he is required to do by said statute, on and after September 23, 1941, proceed to remove or obliterate all signboards, and thereby deprive plaintiffs of their property without compensation, contrary to and in violation of Section 12 of the Declaration of Rights of the Constitution of the State of Florida, and Section 1 of the Fourteenth Amendment to Constitution of the United States; and will deny plaintiffs the right of acquiring possession and protecting property guaranteed to them by Section 1 of the Declaration of Rights of the Constitution of the State of Florida; and will impair the obligation of said contract between plaintiffs, contrary to and in violation of Section 17 of the Declaration of Rights of the Constitution of the State of Florida and Section 10 of Article I of the Constitution of the United States, and will abridge plantiff Swisher's right of freedom of speech, contrary to and in violation of Article I of the Amendments to the Constitution of the United States; wherefore plaintiffs severally allege that the provision of said statute, prohibiting, under the penalties therein provided, the use, operation and maintenance of said signboards within 15 feet of said public highways, as applied to these plaintiffs, is void and of no effect.

"11. Plaintiffs bring this suit as representatives of others similarly situated who may wish to intervene as plaintiffs herein upon such conditions as may be imposed by the court.

"And plaintiffs respectfully pray: 1. That it be found and decreed herein that the provision of said Chapter 20446, approved May 26, 1941, namely: 'No advertisement, advertising sign, or advertising struc-

ture, shall be constructed, erected, used, operated or maintained within 15 feet of the outside boundary of a public highway,' is void and of no effect as applied to these plaintiffs upon the facts herein alleged; that the defendant Thomas A. Johnson as Chairman of the State Road Department of the State of Florida and his agents and servants be permanently enjoined upon final hearing herein from removing, obliterating or abating any of said signboards herein described. 2. That pending the final hearing in this cause that said defendant and his agents and servants be temporarily enjoined from removing, obliterating or abating any of said signboards herein described."

Defendant moved to dismiss the bill of complaint on grounds:

"1. That there is no equity in the bill.

"2. That Chapter 20446, Laws of Florida, Acts of 1941, including the provisions complained of in said Bill of Complaint is a valid regulation by the State of Florida within its powers.

"3. That no provision of the Constitution of the State of Florida or of the Constitution of the United States is violated by said Chapter 20446, or any of the provisions thereof complained of in said bill of complaint.

"4. That it is within the province of the Legislature to regulate the location of advertising signs and structures within reasonable limits along or near the public highways, and such regulation by Chapter 20446, Laws of Florida, Acts of 1941, is reasonable and valid..

"5. That the public safety, health, morals, welfare and comfort of the people justify the regulations such as are prescribed by said Chapter 20446.

"6. That there is no unlawful taking of property without just compensation by said Chapter 20446, or any of the provisions thereof complained of by said Bill of Complaint, but on the contrary, said law, including the sections complained of, is a reasonable police regulation of the State which the State Legislature was and is authorized to make."

On hearing the court "ordered, adjudged and decreed that the said application be and the same is hereby denied, and said motion to dismiss be and the same is hereby granted.

"The Court asking plaintiffs if they desired to amend their said bill, and said plaintiffs having stated that they did not wish to do so, it is thereupon, further "ordered, adjudged and decreed that the said bill of complaint herein be and the same is hereby dismissed."

Plaintiff appealed.

Pertinent portions of Chapter 20446, Acts of 1941, are:

"Section 9. Certain Outdoor Advertising Prohibited. No advertisement, advertising sign or advertising structure shall be constructed, erected, used, operated or maintained:

"(a) Within 15 feet of the outside boundary of a public highway or within one hundred feet of any church, school, cemetery, public park, public reservation, public playground, state or national forest, highway or railroad intersections outside the limits of any incorporated city or town.

"(b) Which involves motion or rotation of any part of the structure or displays intermittent lights;

"(c) Which uses the word 'Stop' or 'Danger,' or presents or implies the need or requirement of stopping or the existence of danger, or which is a copy or imitation of official signs;

"(d) Which are placed on the inside of a curve or in any manner that may prevent persons using the highway from obtaining an unobstructed view of approaching vehicles."

"Section 14. Certain Advertisements Excepted. The following advertisements, advertising signs and the advertising structures or parts thereof, upon which they are posted or displayed, are excepted from all the provisions of this Act, except those contained in sub-sections (b), (c) and (d) of section nine hereof;

"(a) Those constructed, erected, operated, used or maintained by the owner or lessee of a place of business or residence on land belonging to said owner or lessee and not more than one hundred feet from such place of business or residence, and relating solely to merchandise, services or entertainment sold, produced, manufactured or furnished at such place of business or residence.

"(b) Those constructed, erected, operated, used or maintained on any farm by the owner or lessee of such farm and relation solely to farm produce, merchandise, service or entertainment sold, produced, manufactured or furnished on such farm;

"(c) Those upon real property posted or displayed by the owner or by the authority of the owner, stating that real property is for sale or rent;

"(d) Official notices or advertisements posted or displayed by or under the direction of any public or court officer in the performance of his official or directed duties, or by trustees under deeds of trust, deed of assignment or other similar instruments;

"(e) Danger or precautionary signs relating to the premises on which they are, or signs warning of the condition of or dangers of travel on a highway, erected or authorized by the chairman; or forest fire warning signs erected under authority of the state conservation department and signs, notices or symbols erected by the United States Government under the direction of the United States Forestry service;

"(f) Signs solely to denote route to any city, town, village or historic place or shrine;

"(g) Notices of any railroad, bridge, ferry or other transportation or transmission company necessary for the direction or safety of the public;

"(h) Signs, notices or symbols for the information of aviators as to location, directions and landings and conditions affecting safety in aviation erected or authorized by the chairman;

"(i) Advertisements, advertising signs and advertising structures not visible from any highway or other public place;

"(j) Signs or notices containing two square feet or less, placed at a junction of two or more roads in the state highway system denoting only the distance or direction of a residence or place of business;

"(k) Signs or notices erected or maintained upon property giving the name of the owner, lessee or occupant of the premises;

"(1) Advertisements, advertising signs and advertising structures within the corporate limits of cities and towns;

"(m) Historical markers erected by duly constituted and authorized public authorities;

"(n) Highway markers and signs erected or caused to be erected by the state chairman of the state road department;

"(o) Signs erected upon property warning the public against hunting, fishing or trespassing thereon;

"(p) Signs erected by Red Cross authorities relating to Red Cross Emergency Stations;

"(q) Signs advertising bona fide agricultural county district or state fairs or small local signs maintained at public expense for the benefit of local activities.

"Section 14-A. The provisions of this Act shall not apply to structures or shelters erected primarily for the comfort and convenience of the school children of the State of Florida or advertising thereon.

"Section 15. Violation A Nuisance; Abatement. Any advertisement, advertising sign or advertising structure which is constructed, erected, operated, used, maintained, posted, or displayed in violation of this Act, is hereby declared to be a public and private nuisance and shall be forthwith removed, obliterated or abated by the state chairman or his representative, and for that purpose they may enter upon private property without incurring any liability therefor: Provided, however, that if any outdoor advertising structure or outdoor advertising sign of the value of One Hundred Dollars or more bears thereon the name of the owner thereof, and said owner holds an unexpired license issued under section four of this Act; the said owner shall be given written notice of the

alleged violation and shall have thirty days after the receipt thereof within which to show that the said advertisment, advertising sign or advertising structure does not violate the provisions of this Act."

WHITFIELD, J.:

The essential question to be adjudicated is whether the advertising signboards of a cigar manufacturer "made of fireproof material securely fastened between galvanized iron posts firmly imbedded in the ground in cement" displaying only the words "King Edward Cigars," and located on the land of another for an agreed consideration, and erected and maintained within fifteen feet of a public highway, may be required to be removed under a statutory enactment that "no advertisment, advertising sign, or advertising structure shall be constructed, erected, used, operated or maintained . . . within 15 feet of the outside boundary of a public highway . . . outside the city limits of any incorporated city or town."

There are exceptions to the quoted statutory provisions not repeated here. See Secs. 14 and 14-A of the statute, as quoted in the statement.

In the absence of a controlling Federal law for a national purpose, the state has the responsibility and authority under its inherent sovereign police power for the maintenance and safety of the public highways in the State; and such State authority extends to all matters affecting the safety, welfare and comfort of the traveling public on the highways.

The method used and the nature and extent of the exercise of its authority by the State, are determined by the Legislative department of the State government through the enactment of statutes, subject only to paramount applicable provisions of the Federal and

State Constitutions for the protection of private property rights against the arbitrary or unauthorized or unjustified or oppressive exercise of authority under the guise of the inherent sovereign police power, which should be exerted only when necessary or desirable and appropriate to conserve the safety, health, morals, comfort, common good and general welfare of the public.

Travel and transportation over the public highways in the State by the operation thereon of modern motor vehicles of high speed, heavy weight and technical mechanism, make it essential to the safety of human life and limb and of property in transit over the public highways, that there be no unnecessary signboards erected and maintained near the highways to obstruct vision or to divert the attention of drivers of rapidly moving motor vehicles on the highways, thereby greatly increasing the hazards of travel and transportation over the highways.

Necessary signboards giving directions to drivers of motor vehicles and others as to places, distances and other matters, are essential to the use of the highways; but the erection and maintenance of advertising signboards relating to matters and businesses not affecting the property on which the signboards are erected or maintained near the highways, greatly add to the hazards of travel and transportation on the highways; and the prohibition and regulation of the erection and maintenance of such advertising signboards for the primary commercial benefit of others than the owners of the land on which the signboards stand, clearly are within the sovereign policy power of the State; and statutes duly enacted to conserve safety and comfort of vehicular travel on the high-

ways should not be adjudged to be unconstitutional, where such enactments do not arbitrarily and unnecessarily impair private rights.

In this case the advertising signboards are the property of a cigar manufacturing company and are erected and maintained upon the land of another party for a consideration paid to the owner of the land. Such signboards are utilized for the benefit of the cigar manufacturing company and have no relation to the uses of the highway for travel and transportation thereon, or to the owner of the land on which the signboards stand, except the compensation for the use of the land on which the signboards rest. The rights of the owner of the signboards for its advertising purposes and of the owner of the land for commercial leasing purposes, are under the law subject to reasonable regulation or prohibition for the essential needs of the traveling public for safety on the public highways in the State.

The statutory regulations complained of are reasonably justified and are not shown to be arbitrary or unauthorized, or to be unjustly discriminatory.

The first part of Section 9 of Chapter 20446, defines the general subject which is forbidden to "be constructed, erected, used, operated or maintained" in the localities defined by subdivision (a) of the Section; and such portions of Section 9 taken together operate as a distinct prohibition confined to particular areas; while the first portion of Section 9 also operates severally with subdivisions (b), (c), and (d), independently of such subdivision (a).

The exceptions contained in Section 14 are exempt from the provisions of subdivision (a) of Section 9, but not from the provisions of subdivisions (b) (c)

and (d) of Section 9. The regulating provisions of the statute and the exceptions contained in Section 14 do not cause unjust discriminations, since they have substantial bases in reason and in the public policy indicated by the statutory regulations of the public subject matter.

It is clear that the advertising signboards of appellant company are within the provisions of the first paragraph and of subdivision (a) of Section 9, and that such provisions are not invalid as to it. As the appellant is not affected by the provisions of subdivisions (b) and (c), does not challenge the provisions of subdivision (d), such appellant cannot here complain of the provisions of Sections (b), (c) and (d).

The advertising signboards in this case may not per se constitute a nuisance, but being located and maintained as alleged, they reasonably may distract the attention of the drivers of rapidly moving motor vehicles from the primary duty of such drivers to keep a steady outlook on the road ahead and from approaching vehicles and other circumstances that affect the safety of travelers, it is within the province of the legislature to provide such statutory measures as will conserve the safety of travelers on the public highways of the State, even to the extent of enacting that signboards which are maintained near highways and contribute to the risks and hazards of the traveling public, may be declared by statute to be nuisance and abated. See Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51; City of Orlando v. Pragg, 31 Fla. 111, 12 So. 368, 34 Am. St. Rep. 17, 19 L.R.A. 146; Maxcy v. Mayo, 103 Fla. 552, 139 So. 121.

Even if the remedy by the nuisance process be not permissible as prescribed in the statute, that section of the statute, even if invalid, does not make the statute ineffective. See Sec. 17 of the Act.

No property of either of the appellants is "taken," but the use of property is regulated and restricted under the police power of the State to conserve the safety of highway travelers; and the statutory proceedings afford appropriate due process of law. There is no impairment of the obligation of the contract under which the signboards are erected on the land of an appellant, merely because the contract is by statute forbidden to be operative in a way that increases the hazards and reduces safety in the use of the highways by the traveling public. See Hav-A-Tampa Cigar Co. v. Johnson, filed this term.

In Anderson v. Shackleford, 74 Fla. 36, 76 So. 343, it was held:

"The power of a municipality to regulate billboards is included in the power to abate nuisances, but cannot be exercised to the extent of depriving one of the legitimate use of his property merely because such use offends the aesthetic tastes of other people in the community." (H.N. 5).

In this case a statute regulates the maintenance of advertising signboards near highways to conserve the safety of the traveling public. See General Outdoor Advertising Co. v. Department of Public Works, 289 Mass. 149, 193 N.E. 799; City of Jacksonville v. Bowden, 67 Fla. 181, 64 So. 769, Ann. Cas. 1915D, p. 99; So. Utilities Co. v. City of Palatka, 86 Fla. 583, 99 So. 236, 268 U.S. 232, 45 Sup. Ct. 488, 69 L. Ed. 930; Davis v. Fla. Power Co., 64 Fla. 246, 60 So. 759, Ann. Cas. 1914B; Sligh v. Kirkwood, 237 U.S. 52, 35

Sup. Ct. 501, 59 L. Ed. 835; Tampa Northern R. R. Co. v. City of Tampa, 91 Fla. 241, 107 So. 364; Euclid v. Ambler Co., 272 U.S. 365, 47 Sup. Ct. 114, 71 L. Ed. 303.

Affirmed.

TERRELL and CHAPMAN, JJ., concur.

BROWN, C. J., and THOMAS, J., agrees to conclusion.

BUFORD and ADAMS, JJ., dissent.

BROWN, C. J., and THOMAS, J., agreeing to conclusion:

We agree to conclusion. See special concurring opinion of Brown, C. J, in Hav-a-Tampa Cigar Co. v. Johnson, filed this day.

BUFORD, J., dissenting:

In my opinion the provisions of sub-paragraph (a) of Section 9 offends against Section 12 of the Declaration of Rights of our Constitution.

ADAMS, J., concurs.