**STATE, ex rel. BOOZER, et al v. CITY OF MIAMI, et al.**
Nos. 65-L-749, 1015 and 1106.

Circuit Court, Dade County.
December 21, 1965.

Tobias Simon, Miami, for relator Robert G. Boozer.

Copeland, Therrel, Baisden & Peterson and Free R. Stanton, all of Miami Beach, for relator Donnelly Advertising Corp.

Carey, Terry, Dwyer, Austin, Cole & Stephens and Joseph A. McGowan, all of Miami, for relator E. B. Elliott Advertising Co.

John R. Barrett, City Attorney, Edward Fitzpatrick, Assistant City Attorney, for respondent City of Miami.

Thomas C. Britton, County Attorney, John R. Farrell, Assistant County Attorney, for respondent Dade County.

RAY PEARSON, Circuit Judge.

*Order granting respondents' motion for summary judgment and summary final judgment quashing alternative writs and denying peremptory writs:* These proceedings were separately brought by the relators against respondent, City of Miami, seeking writs of mandamus commanding the issuance of permits for the construction of certain commercial advertising signs upon properties situate in the city.

Officials of the respondent city declined to issue the requested permits on the authority, inter alia, of Dade County ordinance no. 63-26. Relators alleged that the ordinance was either inapplicable or if applicable, that it was invalid and unconstitutional. By separate orders dated April 21, 1965, based on stipulations between the City of Miami, (hereinafter called the city) and counsel for relator in no. 65-L-1015 and no. 65-L-1106, Dade County (hereinafter called the county) was added as a respondent. After returns and motions to quash were filed, the three cases were consolidated as a single judicial unit for all further proceedings upon the county's motion.

On October 5, 1965 the consolidated cases came on for hearing on relators' respective alternative writs of mandamus and upon motions for summary final judgment by the county and the city. Uncontroverted affidavits of six persons were relied upon by the respondents. Relator in no. 749 (65-L-749) filed his own affidavit

to which a motion to strike was directed by the county. After lengthy argument, an order on pending matters and motions issued out of the hearing.

At the onset of further hearing on November 30, 1965, set by the abovementioned order, relator in no. 1015 moved the court to consider a motion for continuance as to itself, erroneously styled and therefore filed in another case. Reserving decision upon relator's motion, further oral argument was afforded all counsel present.

Attention is first given to relator's motion for continuance as to no. 1015. Nearly two weeks expired between the date of this court's order setting the further hearing, and the requested continuance which was presented at the time set for concluding arguments in these consolidated causes. No request by motion or otherwise has been made to modify, vacate or correct any aspect of this said order.

No opposing affidavits have yet been filed or served on relators' behalf; nor has affidavit been presented to this court showing the name, qualifications, or substance of any proposed testimony of any witness on the relators' behalf. Further, no affidavits were filed setting forth reasons why the relators could not present, by affidavit, facts essential to justify opposition to the granting of a motion for summary judgment. Florida Rule of Civil Procedure, 1.36 (f). For each of the foregoing and other reasons, relator's motion for continuance having been duly and fully considered, it is hereby denied.

Based upon the record, stipulations of counsel, and upon applicable legal principles which govern the matters herein, the alternative writs issued in each of these causes directly involves and challenges the constitutionality of Dade County ordinance no. 63-26. The challenge must legally be viewed as one on the face of the ordinance, in its entirety. All parties herein have stipulated that the ordinance applies throughout Dade County, including incorporated as well as unincorporated areas of the county. See Dade County Home Rule Charter, sections 1.01 A.1, 5, 12, 21, 22, 4.07 and 5.02.

The respondent county filed affidavits of six persons supporting the constitutionality of the challenged ordinance. The county and city contend that the ordinance is a valid exercise of police power upon the principal grounds of protection of the public, the common interest, welfare and safety of the residents and visitors in Dade County. Aesthetic considerations are relied upon for additional support justifying the police power exercised in enacting the ordinance in question.

All matters of record in these causes have been reviewed carefully and further inquiry made of counsel whether any genuine issue of material fact is present in these causes. No such fact issue has been

suggested, or otherwise discerned by the court. Bearing the foregoing in mind, attention is first directed to relators' contention that the exceptions allowed by section 4 of the ordinance are unreasonable classifications which discriminate against other signs not within its scope. Particular reference is made to the so-called "point of sale signs" defined in section 4.

It must be recognized that some difference in legislative treatment is valid provided the differences are based upon a reasonable, non-discriminatory classification. As 6 Fla. Jur., Constitutional Law, §176 states, all persons need not be treated absolutely equally —

> A statute passed in the exercise of the police powers need not apply equally and uniformly to all persons of the state; it is sufficient to satisfy the constitutional requirements of equal protection of the law if the statute applies equally and uniformly to all persons similarly situated . . . Reasonable and practicable classification in the exercise of the police power is permitted if the reasonableness extends to each classification sought to be regulated.

The issue respecting alleged discriminatory classification wrought by section 4 of Dade County ordinance no. 63-26 becomes essentially, therefore, whether such a separate classification as "point of sale" is reasonable and rationable as opposed to arbitrary and unreasonable. The court is not without guiding precedent in this state to aid in resolving the issue at hand.

Chapter 20446, Laws of Florida of 1941, first injected the so-called point of sale or on site exceptions into the law of this state. It is particularly noteworthy that chapter 20446 was an act to regulate the construction, use, erection and maintenance of outdoor advertising signs, inter alia — ". . . within 15 feet of the outside boundary of a public highway . . ." Chapter 20446, §9 (a). Of equal significance is the fact that the properties affected by the law were, by definition, privately owned lands.

An exception to protected area legislatively established by chapter 20446 was provided in the same act for —

> . . . Those [outdoor advertising signs] constructed, erected, operated, used or maintained by the owner or lessee of a place of business or residents on land belonging to said owner or lessee and not more than one hundred feet from such place of business or residence, and relating solely to merchandise, services or entertainment sold, produced, manufactured or furnished at such place of business or residence. Chapter 20446, Laws of 1941, §14 (a)

The above act, and specifically the point of sale exception noted above, was held valid by the Supreme Court of Florida against a constitutional challenge based on allegations that §14 was an arbi-

trary, unreasonable and discriminatory classification. In Hav-A-Tampa Cigar Co. v. Johnson (Fla. 1942), 5 So. 2d 433, the court stated at page 437 —

> The statute in this case is appropriate to accomplish a general public purpose and is not shown to be an arbitrary or unnecessary exercise of the police powers of the State.

> Exceptions to the operation of the statute contained in sec. 14 . . . [do] not operate to cause an unjust discrimination against, or an undue burden to, those subject to subdivision (a) of section 9, taken in connection with preceding provisions of section 9. This is so for the reason that such exceptions have a substantial basis in practical differences that inhere in the subject regulated; and the exceptions harmonize with the policy and purpose of the enactment under the police power of the State to conserve public safety, which enactment regulated commercial or other advertising, including advertisements of manufactured products, by means of signboards along numerous highways containing matter designed to attract drivers of rapidly moving motor vehicles and others on the highways, thereby increasing the hazards and risks vitally affecting the safety of public travel and transportation on the highways in the State.

At the same term the Supreme Court amplified its view that in the interest of safety upon the highways, such a classification was reasonable, appropriate and valid. In John W. Swisher & Son v. Johnson (Fla. 1942), 5 So. 2d 441, the Supreme Court declared at page 445 —

> Travel and transportation over the public highways in the State by the operation thereon of modern motor vehicles of high speed, heavy weight and technical mechanism, make it essential to the safety of human life and limb and of property in transit over the public highways, that there be no unnecessary signboards erected and maintained near the highways to obstruct vision or divert the attention of drivers of rapidly moving motor vehicles on the highways, thereby greatly increasing the hazards of travel or transportation over the highways.

> Necessary signboards giving directions to drivers of motor vehicles and others as to places, distances and other matter, are essential to the use of the highways; but the erection and maintenance of advertising signboards relating to matters and businesses not affecting the property on which the signboards are erected or maintained near the highways, greatly add to the hazards of travel and transportation on the highways; and the prohibition and regulation of the erection and maintenance of such advertising signboards for the primary commercial benefit of others than the owners of the land on which the signboards stand, clearly are within the sovereign police powers of the State; . . . such enactments do not arbitrarily and unnecessarily impair private rights.

> The statutory regulations complained of are reasonably justified and are not shown to be arbitrary or unauthorized, or to be unjustly discriminatory.

The county contends and it otherwise satisfactorily appears that a principal basis or justification given for the enactment of ordinance no. 63-26 is enhancement of traffic safety based upon an express finding by the board of county commissioners that the method employed is necessary for the protection of the public and essential for the common interest, welfare and safety of the residents and visitors in Dade County. The uncontradicted affidavits of Mr. Staffeld, Mr. Dunivan and Mr. Brake, relied upon by the respondents, lend credence to the express findings made by the board of county commissioners.

Point of sale exceptions to statutes and ordinances generally regulating outdoor advertising signs are neither unique to Florida nor recent innovations in jurisprudence. See Murphy v. Town of Westport (S.C. Conn. 1944), 40 A. 2d 177.

In the instant cases, the ordinance only deprives an owner or possessor of a claimed right to cummunicate the message of another to those using the expressways — by means of outdoor advertising signs erected within 600 feet of the right of way line.

It seems, in any event, that though some may disagree with the distance selected, the very most which could be argued concerning the distance, per se, is that others disagree with the findings and judgment of the enacting legislative authority. Otherwise stated, the propriety of legislative judgment in selecting that particular distance might be viewed as "fairly debatable." In such circumstances courts are not free to substitute their judgment for that of the legislative body. City of Miami Beach v. Ocean & Inland Co. (Fla. 1941), 141 Fla. 480, 3 So. 2d 364; City of Miami Beach v. Lachman (Fla. 1953), 71 So. 2d 148, app. dism'd Lachman v. City of Miami Beach, 348 U.S. 906, 99 L.Ed. 711. It is peculiarly within the province of the duly constituted legislative body to assimilate, consider and weigh all factors which inhere in the concept of common public interest and welfare. Accepting this fundamental principle, courts quite properly are very cautious in declaring ordinances unreasonable, because, aside from general principles, there is a peculiar propriety in permitting the inhabitants of a legally recognized political subdivision, through its proper officials, to determine what rules are necessary for their own government. City of Miami v. Kayfetz (Fla. 1947), 92 So. 2d 798.

Counsel for relator in no. 1015 suggested that at least four other bases exist upon which the subject ordinance can be questioned constitutionally. This court has not, however, been favored with more specific indicia identifying these four areas of suggested constitutional vulnerability. Nor has memoranda of law been provided on any such points.

Further independent examination by the court of the questioned ordinance fails to disclose any such constitutional flaws.

Reliance is also claimed by the county upon the further grounds of aesthetics. Having found the challenged ordinance amply supported on the principal grounds of protecting the common interest, welfare and above all the safety of the public, I deem it unnecessary to examine aesthetics as a separate predicate to justify the enactment of the ordinance. Dade County ordinance no. 63-26 is constitutional.

In full consideration, it is ordered and adjudged that —

(1) The respondents' motions for summary judgment quashing the alternative writs of mandamus and denying peremptory writs of mandamus in nos. 65-L-749, 65-L-1015 and 65-L-1106 are granted, and

(2) The relator's ore tenus motion for summary judgment in no. 65-L-749 is denied.

It is further ordered and adjudged that the alternative writs of mandamus issued in each of these cases, nos. 65-L-749, 65-L-1015 and 65-L-1106, are severally quashed and vacated, and the relators in the said cases are denied peremptory writs of mandamus, and the respondents shall go hence without day, costs herein to be borne by the respective relators.