193 So.2d 449 (1967)
STATE of Florida ex rel. Robert G. BOOZER, Appellant,
v.
CITY OF MIAMI, a Municipal Corporation et al., Appellees.
STATE of Florida ex rel. E.B. ELLIOTT ADVERTISING COMPANY, a Florida Corporation, Appellant,
v.
Robert E. FERENCIK, As Director of the Building Department of the City of Miami, and R.D. Korner, As Chief Zoning Inspector of the City of Miami et al., Appellees.
Nos. 66-43, 66-146.
District Court of Appeal of Florida. Third District.
January 10, 1967.
*450 Tobias Simon, Terry & McKee and Joseph A. McGowan, Miami, for appellants.
Thomas C. Britton, County Atty., Richard B. Stone, City Atty., and Edward J. Fitzpatrick, Asst. City Atty., for appellees.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
On separate petitions of the appellants Robert G. Boozer and E.B. Elliott Advertising Company, alternative writs of mandamus were issued against the City of Miami, the director of its building department and its chief zoning inspector. The object of the proceedings was to require the respondents to permit the relators to erect outdoor advertising signs on property owned or leased by them within the city, such signs to be located within 600 feet of an expressway. The advertising intended for the signs sought to be erected was not for or limited to advertisement of businesses located on the premises or to products sold thereon.
On motion of the respondent city reciting that the matter was controlled by a county ordinance, Dade County was joined as a respondent in the mandamus actions. Motions to quash filed on behalf of certain of the respondents were denied. Respondents answered denying the alleged duty, relying on provisions of Dade County Ordinance No. 63-26 appearing in the Code of Metropolitan Dade County, §§ 33-121.10 through 33-121.17, which prohibited construction of such billboards or signs within 600 feet of an expressway located in Dade County.[1]
*451 Motions for summary judgment with supporting affidavits were filed by both the relators and the respondents. The motions of the former were denied and those of the *452 latter were granted and judgment was entered for respondents, whereupon relators appealed. In the trial court the causes were consolidated and decided in a single judgment. The separate appeals of the relators were consolidated in this court for briefing and argument. On this appeal it is conceded by the parties that the county ordinance is applicable, and that the case turns on a determination of the validity of the ordinance.
At the outset it should be noted that appellants concede the county ordinance is one which would be a proper exercise of police power if it were applicable to all persons. They contend, however, that the ordinance is made unconstitutional by reason of certain exceptions it contains. Thus in the brief of the appellant Boozer, adopted by the other appellant, it is stated:
"We concede, for the purposes of this appeal, that the ordinance in question  were it equally applicable to all  can be amply supported by safety and aesthetic considerations and therefore does not violate due process of law requirements of the Federal or Florida Constitution."
The appellants argue the ordinance should be declared unconstitutional on authority of the case of City of Miami v. Plissner, Fla.App. 1964, 167 So.2d 620, in which a decision of the trial court invalidating a Miami ordinance regulating signs adjacent to expressways was affirmed by this court. The affirmance was without opinion other than the citation of the case of Sunad, Inc. v. City of Sarasota, Fla. 1960, 122 So.2d 611. The Sunad case held that aesthetic reasons were insufficient (police power) support for the particular regulations involved there. We do not regard the Plissner case as applicable or controlling in our consideration of the validity of the county ordinance involved here.
Next, the appellants argue that the exception allowing point of sale signs invalidates the ordinance. Such an exception in an otherwise valid exercise of police power in the form of a regulatory ordinance of this general nature has been held to be valid. See Hav-A-Tampa Cigar Co. v. Johnson, 149 Fla. 148, 5 So.2d 433. We reject as unsound the further argument of the appellants that the ordinance is invalid because it contains provisions, dealing with exceptions, which are different and stricter for signs in the area up to 200 feet of an expressway than provided for between 200 and 600 feet from an expressway. The minor differences alluded to, which exist with reference to regulations within 200 feet, are not shown to be lacking in reasonable basis for such legislation by the county. The basic support which the ordinance has as an exercise of police power in the promotion of highway safety applies to the regulations and to the exceptions of such *453 regulations in the area or zone within 200 feet of the expressway as well as to such regulations and exceptions provided for in the ordinance which are applicable in the area or zone between 200 and 600 feet from an expressway. See John H. Swisher & Son v. Johnson, 149 Fla. 132, 5 So.2d 441. Moreover, the appellants are unaffected by any different or more restrictive provisions applicable to signs within 200 feet, as permits they sought were for erection of advertising signs in the area between 200 and 600 feet from an expressway.
In our view the trial judge was eminently correct in granting judgment for the respondents, and the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Dade County Ordinance No. 63-26, omitting certain portions not pertinent to this case, is as follows:

"ORDINANCE PROHIBITING COMMERCIAL ADVERTISING SIGNS WITHIN SIX HUNDRED (600) FEET OF THE RIGHT OF WAY LINE OF AN EXPRESSWAY OR LIMITED ACCESS HIGHWAY, OR RELATED FACILITIES, IN TERRITORIAL AREAS OF DADE COUNTY; PROVIDING EXCEPTIONS; PROVIDING REPEAL CLAUSE; PROVIDING FOR INCLUSION IN CODE; AND PROVIDING AN EFFECTIVE DATE.
"Whereas, the Board of County Commissioners is empowered and authorized to regulate arterial, toll, and other roads, bridges, tunnels, and related facilities, and to develop and enforce master plans for the control of traffic; and to establish, coordinate, and enforce zoning and such business regulations as are necessary for the protection of the public; and to perform any other acts which are in the common interest of the people of Dade County, Florida; and
"Whereas, the Board of County Commissioners finds, determines and declares that the control and regulation of commercial advertising signs adjacent to expressways, limited access facilities and related approaches, viaducts, bridges and interchanges is necessary for the protection of the public and essential for the common interest, welfare and safety of the residents and visitors of Dade County, Florida.
"Now, Therefore, Be it Ordained by the Board of County Commissioners of Dade County, Florida:
"Section 1. Definitions
"(a) `Expressway' shall mean limited access rights of way and facilities and related approaches, viaducts, bridges and interchange facilities and service roads and any portion of the interstate highway system, now existing or as may be later constructed or designated.
"(b) `Applicable regulations' shall mean any pertinent zoning, building or other regulations in effect in the incorporated or unincorporated areas of Dade County or the State of Florida.
"(c) `Protected Areas' shall mean all property in Dade County within 600 feet of the right of way of any expressway right of way.
"(d) `Sign' shall mean any display of characters, letters, illustrations or any ornamentation designed or used as an advertisement, announcement or to indicate direction.
"(e) `Erect' shall mean to construct, build, rebuild (if more than 50% of the structural members involved), relocate, raise, assemble, place, affix, attach, paint, draw, or in any other manner bring into being or establish.
* * * * *
"(g) `Point of Sale Sign' shall mean any sign advertising or designating the use, occupant of the premises, or merchandise or products sold on the premises.
"(h) `Outdoor Advertising Sign' shall mean any sign which is used for any purpose other than that of advertising to the public the legal or exact firm name or type of business conducted on the premises, or of products or merchandise sold on the premises; or which is designated and displayed to offer for sale or rent the premises on which displayed, or the subdivision of such premises, or present or future construction or development of such premises, or advertising special events, shall constitute an outdoor advertising sign.
"Section 2. Applicability
"This ordinance shall apply to both the incorporated and unincorporated area. Any municipality may establish and enforce more restrictive regulations as such municipality may deem necessary.
"Section 3. Signs Prohibited in Protected Areas.
It shall be unlawful hereafter for any person, firm or corporation, or any other legal entity to erect, permit or maintain any sign in protected areas, except as provided for hereinafter.
"Section 4. Exceptions
Erection of the following signs shall be permitted in protected areas, subject to the conditions and limitations listed herein and further, subject to other applicable regulations where such regulations are more restrictive or more definitive than the provisions of this ordinance and are not inconsistent therewith.
* * * * *
"(b) Point of Sale Signs which are located on and oriented to the frontage on the street which provides actual and direct access to the front or principal entrance of the place of business. Oriented, in connection with point of sale signs shall mean, in the case of detached signs, placed at a 90° angle to the street being served; in the case of roof signs, parallel to and fronting such street and within the front 25% of the building concerned; and in the case of pylon signs, within the front 20% of the building concerned. If point of sale signs are to be located within 200 feet of an expressway, such signs shall be limited to the name of a shopping center or the name and type of business or profession of the occupant of the premises. Wall signs within 200 feet of an expressway shall be confined to the wall of the building containing the principal entrance, except that a wall sign may be placed on one other wall of such building and shall be limited to 10% of such other wall area, but in no event shall be larger than 80 square feet. In no event shall any detached point of sale sign be erected within the protected area which is greater in height than 25 feet above the average grade of the premises concerned, and no point of sale roof sign shall be erected which is greater in height above the roof than 10 feet.
"(c) Outdoor Advertising Signs shall not be erected for the purpose of serving any expressway, and outdoor advertising signs in protected areas shall be erected and oriented to serve only streets other than expressways, subject to the following conditions:
"1. That in no event shall any outdoor advertising sign be erected or placed closer than 200 feet to the right of way lines of any expressway.
* * * * *
"3. That no outdoor advertising sign shall be erected that is larger than 15 feet in width and 50 feet in length, whether single or multiple boards.
* * * * *
"5. That no advertising sign shall be erected or placed within 300 feet of another outdoor advertising sign, such distance to be measured in all directions from the outermost edges of such sign.
"6. That no outdoor advertsiing signs shall be erected and placed within 100 feet of any church, school, cemetery, public park, public reservation, public playground, State or National forest.
* * * * *
"9. That outdoor advertising signs shall be erected and placed only on property conforming in size and frontage to the requirements of the zoning district in which located, and detached outdoor advertising signs shall not be erected on property already containing a use or structure.
* * * * *
"Section 6. Variances.
"No variances shall be granted through provisions of applicable regulations which will in any way conflict with or vary the provisions of this ordinance."