BARKDULL, Judge.
Subsequent to our opinion in State ex rel. Boozer v. City of Miami, Fla.App.1967, 193 So.2d 449, the appellee applied for a class “C” advertising permit to operate an outdoor display sign (or billboard) within 200 feet of an expressway. This application was denied. Thereafter, the appellee requested a class “B” permit for a point of sale sign, which was granted. Thereafter, notwithstanding a permit to operate only a class “B” sign, the appellee erected a class “C” sign contrary to its permit and contrary to the provisions of Ordinance No. 63-26, Code of Metropolitan Dade County. The County thereafter charged the appel-lee with a violation of said ordinance. Appellee then instituted an action in the trial court, contending that the ordinance in question was unconstitutional and the trial court agreed, notwithstanding our prior opinion in State ex rel. Boozer v. City of Miami, supra, when the ordinance was specifically approved and held to be valid.
The ordinance has not been changed. This ruling, under the doctrine of stare decisis, should have controlled the instant action in the trial court. In re Seaton’s Estate, 154 Fla. 446, 18 So.2d 20; Old Plantation Corp. v. Maule Industries, Inc., Fla.1953, 68 So.2d 180; Rott v. City of Miami Beach, Fla.1957, 94 So.2d 168; 8 Fla.Jur., Courts, § 148. In addition, the appellee in the instant case [because of its participation in the prior cause] is barred from seeking an attack on this ordinance by the doctrine of res judicata. Hinchee v. Fisher, Fla.1957, 93 So.2d 351; Painters’ Union, Local 365; Painters’ Union Local 365, AFL-CIO v. Fontainebleau Hotel Corporation, Fla.App.1960, 117 So.2d 204; 19 Fla.Jur., Judgments and Decrees, § 111. Further, the appellee in the instant case may be estopped [by its actions in applying for a class “B” permit after being denied a class “C” permit] from accepting the benefits of the ordinance and then attacking same, under the doctrine of estoppel. Jannett v. Windham, 109 Fla. 129, 147 So. 296, 153 So. 784; McNulty v. Blackburn, Fla.1949, 42 So.2d 445; State ex rel. Watson v. Gray, Fla. 1950, 48 So.2d 84; 6 Fla. Jur., Constitutional Law, § 66.[1]
Therefore, for the several reasons above stated [and primarily because of our prior holding in State ex rel. Boozer v. City of Miami, supra] the action of the trial judge is reversed, with directions to find the appellee in violation of Ordinance No. 63-26, Code of Metropolitan Dade County, for *513 maintaining- a sign on the premises involved other than that permitted by the class “B” permit which it obtained.
Reversed and remanded, with directions.

. We have not overlooked our opinion in State ex rel. Greenberg v. Dade County, Fla.App.1960, 120 So.2d 625, but do not find it to be controlling because in this case the County was contending the ordinance was unconstitutional, whereas in the instant case [after receiving the benefits of the ordinance] the licensee is contending that the ordinance is unconstitutional.