PER CURIAM.
This is an appeal from interlocutory orders granting- injunctions against the City of Miami Beach. The appeal was heard upon application for a constitutional writ; it was expedited pursuant to Rule 4.-5(g)(2), F.A.R., 32 F.S.A. The orders prevent the City from enforcing a zoning ordinance. The appellees are the tenants of Arthree, Inc. which is the owner of The Carriage House, an apartment hotel in Miami Beach.
An opinion of this court determining the validity of the zoning ordinance with which we are concerned was filed on November 21, 1972. See City of Miami Beach v. Arthree, Inc., Fla.App.1972, 269 So.2d 699. That opinion was reviewed upon petition for certiorari by the Supreme Court of Florida[1] and the Supreme Court of the United States,[2] and certiorari was denied. Thereafter, certain of the tenants, as intervenors, moved in the trial court for relief from our mandate. The City presented a motion in this court for an order enforcing our mandate. The trial court entered its order in accordance with our mandate. See City of Miami Beach v. Arthree, Inc., Fla.App.1973, 3rd D.C.A., Case Numbers 72-36 and 72-90, filed December 11, 1973. After the mandate of this court was filed in the trial court, the appel-lees, Dor Rich, Inc. and Jean Fisher, Inc., filed a pleading termed “Second Intervenors Complaint”. The trial court, pursuant to our opinion upon the motion to enforce our mandate, declined to permit the intervention. Thereupon, the appellees, Dor Rich, Inc., and Jean Fisher, Inc., filed an independent acción. That complaint contained no independent allegations but relied for its facts upon the complaint for intervention previously filed and denied. On December 3, 1973, the trial court. entered a temporary injunction in the second action. The injunction prohibited the City from enforcing its zoning ordinance and added the ap-pellee Medici TI Gallery, Inc. as a beneficiary of the injunction. This injunctive order is one of the orders now appealed by the City. On December 10, 1973, the trial court entered a supplemental temporary injunction. This order added Flo’s Red Garter, Inc. The trial court made its in-junctive orders nunc pro tunc as of November 28, 1973 which was the date on which the order on our mandate had been entered in the prior cause.
The appellees as tenants of the prior litigant were represented in the prior suit. This court’s rulings in City of Miami Beach v. Arthree, Inc., supra, under the doctrine of stare decisis control the instant action in the trial court. Rott v. City of Miami Beach, Fla.1957, 94 So.2d 168; Metropolitan Dade County v. E. B. Elliott Advertising Co., Fla.App. 1968, 214 So.2d 511.
Further, the appellees as the tenants of Arthree, Inc. are barred by the doctrines of res judicata and estoppel by judgment from relitigating the same issues tried in Arthree, Inc., supra. Although they were not parties in that case, their claims are derived from their landlord. Cf. Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926).
The injunctive orders should not have been granted where there was a substantial dispute as to the legal rights involved, and the appellees’ right is not only very doubtful but contrary to the law in view of the prior decisions of this court in Arthree, Inc. Granting these injunctions in this case is tantamount to the issuance of a judicial license to the appellees to operate illegally in the face of this court’s decision holding the zoning ordinance valid.
The orders enjoining the City of Miami Beach from enforcing the zoning ordinance are reversed. The time for filing *54 petition for rehearing is limited to three days from the date of the filing of this opinion. -
Reversed.

. 276 So.2d 166 (1973).

. Arthree, Inc. v. Kaskel, 414 U.S. 859, 94 S.Ct. 70, 38 L.Ed.2d 109 (1973).