PER CURIAM.
The background, history and proper disposition of this case is indicated in the opinion of the District Court of Appeal, 289 So.2d 52, Third District, filed January 31, 1974, Rehearing denied February 12, 1974. The matters and things complained of in the litigation have been previously decided by the District Court of Appeal, Third District in an opinion appearing as City of Miami Beach v. Arthree, Inc., 269 So.2d 699 (Fla.App.1972), certiorari denied by this Court, 276 So.2d 166 (Fla.1973), certiorari denied by the Supreme Court of the United States, 414 U.S. 859, 94 S.Ct. 70, 38 L.Ed.2d 109.
The judicial process having run its course, it is past time to enforce the mandate and further interference comes close to trifling with the judicial process. There has to be a time when litigation ends, and in this cause, it is over.
The trial court correctly on February 19, 1974, entered its order on the mandate adopting the decision of the District Court of Appeal dated January 31, 1974, as the judgment of the trial court and authorizing the City of Miami Beach to enforce its ordinance sub judice.
Accordingly, no conflict appearing as required by Article V, Section 3(b)(3), Florida Constitution, F.S.A., the petition for writ of certiorari is denied, the filing of rehearing is dispensed with, and the cause is remanded to the District Court with directions to properly enforce its mandate by whatever lawful means are necessary and without disturbance by further vexatious interference.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, McCAIN and DEKLE, JJ., concur.